

Richard Alan Ensminger
5401 Valhalla Drive
Carmichael, CA 95608
Phone: (916) 718-4467
E-mail: rickbk2013@gmail.com

Debtor-in-possession Richard Alan Ensminger



FILED

JUN 24 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## IN THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re: RICHARD ALAN ENSMINGER, <br><br> Debtor in Possession <br><br>——————————————————<br><br>**RICHARD ALAN ENSMINGER,**<br><br>**Movant,**<br><br>v.<br><br>**NATIONSTAR MORTGAGE, LLC,**<br><br>**Respondent.** | ) Case No. 13-35297 <br> ) DC No. RAE-5 <br> ) Chp. 11 <br> ) <br> ) Date: August 6, 2014 <br> ) Time: 10:00 a.m. <br> ) Place: U.S. Bankruptcy Court <br> ) Robert T. Matsui United States Courthouse <br> ) 501 I Street, Sacramento, CA 95814 <br> ) Courtroom 35, Department C <br> ) Judge: Hon. Christopher M. Klein <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEBTORS MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE § 3001 AND 11 U.S.C.A. § 105;**

Now comes the above-captioned Movant and debtor in possession (the "Debtor" or "Movant") and files this motion (the "**Motion**") for F.R.B.P. Rule § 3001 sanctions to be issued against Nationstar Mortgage, LLC ("Nationstar"), and in support of the Motion states:

JURISDICTION AND VENUE

1. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 151, 157, and the U.S. Bankr. Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") and Bankr. Rule

-1-

1  § 3001 of the Fed. R. of Bankr. Procedure. Venue is proper pursuant to 28 U.S.C. § 1409. This
2  motion is a core proceeding as defined at 28 U.S.C. § 157(b) (2)(b) and (b)(2)(K).

PRELIMINARY STATEMENT

4   2.   Debtor is unable to ascertain the nature of Proof of Claim 5 ("Claim 5") specifically because Claim 5 is uncertain on its face, has been rendered uncertain by statements and filings of Respondent and 3rd parties, is incomplete and ambiguous, and finally Debtor is unable to determine with certainty as to which party Debtor should direct this motion or the motion to disallow Claim 5. Debtor brings this Motion for Sanctions pursuant to Rule 3001(c) and requests that evidence required to be included with the claim that was not produced with the claim be excluded[1], that the Court make a determination that Claim 5 fails to state a claim upon which relief can be granted[2], and additionally and alternatively Debtor requests a more definite statement.

3.   Debtor seeks clarification as one or more parties are seeking affirmative relief through advocating and filing Claim 5. While the form of Claim 5 on the coversheet states (i) "Creditor (the person or other entity to whom the debtor owes money or property): Nationstar Mortgage, LLC" and in section 8 titled Signature the checkbox is checked for "I am the creditor" and the title for Larry E. Johnson is "Rep. for Nationstar Mort., LLC", the substance of the transaction is that (i) underlying documents attached to the claim reference WMC Mortgage Corp. ("WMC"); (ii) WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE HOLDERS OF THE MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-WMC1 (the "REMIC" or "2006-WMC1") and (iii) in response to Debtors Motion to Value Nationstar Mortgage, LLC failed to respond while the REMIC claimed to be the secured creditor. Causing further uncertainty, the REMIC also claimed to have timely filed Claim No. 5. See the REMICs Trial Brief filed 4/17/2014, Docket #88 and the REMICs Motion in Limine to exclude evidence filed 4/17/2014, Docket #83. See F.R.B.P. § 3003(c)(4); *Cisco v. Van Lew*, 60 Cal. App. 2d 575 [141 P.2d 433] (citing Ca. Civ. Code § 1558

---

[1] Rule 3001(c)(2)(D)(i)
[2] Rule 3001(f)

-2-

and discussing certainty in real property transactions); and (iii) requirements for standing, see *In RE Jackson*, 241 B.R. 24 (Bankr. E.D. Cal. 2011)(Holman, J.) and Joinder or misjoinder requirements[3].

4. Respondent and the REMICs competing claims are mutually exclusive and violate the doctrine of inconsistent statements or inconsistent positions. Their respective claims of ownership to Claim 5 cannot both be true at the same time without some type of joinder which neither party has brought.

5. Nationstar is not a creditor and attaches a note to Claim 5 which appears to be a counterfeit and forgery. Debtor owes no principal or interest to Nationstar, who has filed a fraudulent claim with this Court. Nationstar's claim has been put at issue by Nationstar and Wells competing statements. It is not possible that this claim has achieved the evidentiary effect of Rule 3001(f). Even if it is possible to achieve the evidentiary effect of Rule 3001(f) just by filing any type of proof of claim, it is certainly true in this case that Claim 5 is not able to stand even the slightest scrutiny. Nationstar has no Prudential or Article III standing and it would not be equitable at this point, based on the inconsistent statements of the parties, to allow Nationstar joinder with any other party, including 2006-WMC1, when filing such detritus.

6. Respondent has no valid claim filed that fulfills Rule 3001(f), just as the REMIC has no valid claim filed that fulfills Rule 3001(f).

## FACTUAL BACKGROUND

7. On December 2, 2013 the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "**Bankruptcy Code**"). The Debtor is continuing in possession of his property as debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code, which is commonly described as 5210 Valhalla Drive Carmichael, CA 95608 (the "**Property**"). On December 20, 2013 Debtor filed a Motion to Value Collateral for the real property commonly described as 5210 Valhalla Drive Carmichael, CA 95608 ("Subject Property").

---

[3] See Federal Rules of Bankruptcy Procedure Rule §§ 7018, 7019, 7020 and 7021.

8.      On January 14, 2014 2006-WMC1 filed its opposition to Debtors Motion to Value ("Opposition"). 2006-WMC1's Opposition advocated that it was the creditor and holder of a 1st lien secured obligation to the Subject Property in the amount of $750,571.02. 2006-WMC1 submitted a request for judicial notice of (i) a Deed of Trust; and (ii) an Assignment of Deed of Trust in the Opposition. This same Deed of Trust and Assignment of Deed of Trust are attached as exhibits to Claim 5 filed by Nationstar.

9.      On February 3, 2014 Nationstar filed Proof of Claim 5 in the above captioned bankruptcy ("Claim 5") diametrically opposed to the statements of 2006-WMC1. Claim 5 states: "Name of Creditor (the person or other entity to whom the debtor owes money or property): NATIONSTAR MORTGAGE, LLC". Claim 5 was filed as a secured claim for the Subject Property and the amount of the claim is $750,571.02. Claim 5 section #8 was signed under penalty of perjury by Larry E. Johnson with the title of "Rep. for Nationstar Mort., LLC and the box was checked "I am the creditor." Attached to Claim 5 is the same Deed of Trust and Assignment previously claimed by 2006-WMC1 in the Opposition.

10.     No timely proof of claim has been filed in the above captioned case by Wells.

11.     Debtor listed WMC Mortgage as the creditor for this claim (see Schedule D).

12.     2006-WMC1 filed a Motion in Limine to exclude evidence on April 17, 2014 ("MIL"), see Docket #83 in the above captioned bankruptcy proceeding. Through the use of the MIL[4], 2006-WMC1 advocates that they are the creditor and that they filed Claim 5.

13.     Claim 5 states on its face that Nationstar Mortgage, LLC is the Name of the Creditor and "the person or other entity to whom the debtor owes money or property". 2006-WMC1 states that it is the secured creditor and that it timely filed Claim 5.

14.     A Deed of Trust is attached to Claim 5 ("DOT") listing the lender as WMC Mortgage Corp. The DOT states "MERS" is Mortgage Electronic Registration Systems, Inc. The DOT also states "MERS is a separate corporation that is acting solely as a nominee for

---

[4] The REMIC has filed other documents in the above captioned bankruptcy proceeding advocating their status as a secured creditor and/or the party who filed Proof of Claim 5. See their oppositions to Debtors Motions to Value, Trial Brief, etc.

Lender and Lender's successors and assigns." The DOT also states "MERS is the beneficiary under this Security Instrument." The DOT has the following grant: "Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Sacramento ..." The DOT states "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument..." The DOT states "BORROWER COVENANTS that Borrower is lawfully seised of the state hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record."

15. Attached to Claim 5 is an assignment of Deed of Trust showing the assignor as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") and the assignee as WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE HOLDERS OF THE MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-WMC1 ("Assignment"). The Assignment is dated June 10, 2011, was notarized on June 10, 2011 and bears no evidence of recording.

16. The Assignment names MERS and not MERS in its capacity as nominee, agent, attorney in fact or otherwise. The Deed of Trust and the Assignment both attached to Claim 5 make use of a GRANT. See *Cisco v. Van Lew*, supra. (nominee and agent without naming the principal are not certain in real property transactions).

### FACTUAL DEFECTS IN THE PROOF OF CLAIM

#### A. WRITINGS ASSOCIATED WITH THE CLAIM

17. The writings related to Claim 5 consist of all attendant documents, including the loan application, underwriting transmittal, closing instructions (lenders closing instructions, borrowers closing instructions, etc.), Note, Deed of Trust, Notice of Default (making the only known reference to a purported *written* declaration of default), Substitution of Trustee[5], Assignment of Deed of Trust, cancelled checks, wire transfer statements, bills of sale, Pooling

---

[5] The Substitution of Trustee would list a party to the contract attached to Claim 5

and Servicing Agreement, Assignment and Assumption Agreement or Mortgage Loan Purchase Agreement, Prospectus, Prospectus Supplement, S-3 Registration Statement.

18. It should be noted that documents produced by the REMIC for distribution to ratings agencies and investors show that Nationstar Mortgage, LLC is a servicer[6]. See Exhibit 4 to the Ensminger declaration, page 6 of the Certificateholder Account Statement for "Merrill Lynch Mortgage Loans Inc Mortgage Loan Asset-Backed Certificates Series 2006-WMC1 for Distribution Date February 25, 2014 ("REMIC Statement"): "*Servicer Payees include: NATIONSTAR MORTGAGE LLC." Page 6 of the REMIC Statement also states: (i) "Servicer Advances are calculated as delinquent scheduled principal and interest"; (ii) "Servicer Advances $253,453.79"; and (iii) "Class A-1B Insurance Policy – CIFG $1,268.58" (together known as "REMIC Statement Codebtor Information").

19. There is nothing attached to Claim 5 establishing a transfer to Respondent Nationstar Mortgage, LLC. There is no writing attached to Claim 5 establishing Respondent Nationstart Mortgage, LLC is entitled to receive payments under the Note attached to Claim 5.

20. There is no writing filed with the claim or attached to the claim establishing the named creditor (Nationstar Mortgage, LLC) as an original or subsequent obligee, as having any interest in property of the debtor, as having any interest in real property or having paid any consideration whatsoever.

21. There is no "statement of the circumstances of the loss or destruction of the writing" filed with the claim or attached to the claim, nor does the claim reference any other writing or address whether or not any writing has been lost or destroyed.

22. No writings were attached to Claim 5: (i) identifying the establishment of a trust for the alleged Holders of the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-WMC1; (ii) establishing Wells Fargo Bank, N.A., as a trustee for the alleged trust; (iii) establishing that Wells Fargo Bank, NA, Nationstar Mortgage, LLC or any other entity as an authorized servicer; (iv) establishing an attorney in fact or an agency

---

[6] These documents, like many other writings, were not included with Claim 5

relationship in writing (as required pursuant to the statute of frauds if the "secured loan" in Claim 5 is an interest in real property); (v) establishing the authority or relationship of "Weinstein, Pinson &Riley, P.S." or "Bankruptcy Department"[7] and why payments should be directed to "Bankruptcy Department 350 Highland Drive Lewsville, TX 75067"; (vi) identifying whether or not the entity has made a REMIC election; and (vii) establishing the right or standing of Wells or Nationstar to institute any suit, action or proceeding in equity or at law upon or under or with respect to any trust agreement, pooling and servicing agreement or other type of agreement.

### B. PROOF OF CLAIM COVERSHEET

23. The named creditor/claimant is not supported by any writing attached to the claim. Respondent is: (i) not a creditor; (ii) not a NOTE HOLDER as defined in the exhibited note; (iii) not a beneficiary of the Deed of Trust; (iv) not a nominee for the beneficiary; (v) not an attorney in fact for the creditor; (vi) not a servicer; and (vii) not an agent for the creditor.

24. As shown in the OCC Interpretive Letter # 1016 (see RFJN Ex. 4), Wells is not acting under the national banking act when it is acting as a trustee of a securitized trust. Wells only (allegedly) holds legal title to the assets of the trust for the benefit of the investors[8], the substance of the transaction is that the investors own the loans and not the bank.

25. The name and address where notices and payments should be sent is not supported by any writing.

26. Section #2 Basis for Claim as MONEY LOANED is not supported by any writing in the claim or attached to the claim. Respondent has not provided any evidence that they loaned money or paid any amount to acquire any loan related to Debtor.

27. Section #4 Value of Property was left incomplete and blank. Amount Unsecured was left incomplete and blank. Amount of Secured claim is contradicted by the failure to provide "Value of Property". The Amount of arrearage and other charges, as of the time case was filed, included in secured claim, is contradicted by evidence from the Debtor.

---

[7] "Bankruptcy Department" does not exist as a person or entity and is not identifiable (see Ca. Civ. Code 1558)
[8] Assuming arguendo the asset(s) were transferred to the REMIC by the closing date

28. Section #6 was left blank. Based on Section #4 Amount of Arrearage and Amount of Secured Claim, Debtor has evidence of unapplied credits. The real creditor and others have sole custody and control of payment records the actual alleged creditor has received, but not credited, to Claim 5[9].

29. Further yet, Wells admits that it uses the Fidelity software system to track loan servicing advances, including Principal and Interest advances[10].

30. Claim 5 section 7 titled "Documents" requires evidence of perfection to be attached to the claim or an explanation provided for why they are not available.

31. Claim 5 section 8 titled Signature requires that the party signing the Proof of Claim identify who they are. Claim 5 was signed by a lawyer purporting to be a representative of Nationstar but checked the box "I am the creditor", but the signer is not the creditor.

32. Debtor is unable to determine if Claim 5 is a declaration signed under penalty of perjury because of the incomplete sections, false or misleading entries, and because the wrong checkbox in Section #8 was checked. There is no other declaration attached to Claim 5. Additionally material sections of the claim have false or misleading entries that conceal, fail to disclose and misrepresent the name of any alleged secured creditor.

33. Claim 5 section 1 shows that the box is checked for "Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach a statement that itemizes interest or charges." The attached statement conflicts with evidence from the Debtor and also from evidence that is solely in the custody and control of Respondent.

**ATTACHED STATEMENT THAT ITEMIZES INTEREST OR OTHER CHARGES**

34. The Mortgage Proof of Claim Attachment states that the creditor is 2006-WMC1 and not Nationstar. This conflicts with the Proof of Claim coversheet.

---

[9] See, inter alia, Ca. Comm. Code 3602, NY Uniform Comm. Code 3-602, SEC Regulation AB Item 1122 Servicing Criteria §§ (d)(2)(vii), (d)(3)(i) and (d)(4)(i)-(v), (xiii), and the Uniform Single Attestation Program (USAP) Minimum Servicing Standards §§ I.1, II.2, II.3, II.4, III.2, IV.1 and V.1, The Step Transaction and Single Transaction Docrtrine, Section #9 from the Note attached to Claim 5, Section #14 from the Deed of Trust attached to Claim 5, and Debtors Schedule H, listing, inter alia, Wells and Nationstar as codebtors.
[10] *In RE Mortgage Lenders Network USA, Inc., (MLN vs. Wells Fargo Bank, NA)* Adv. Proc. 07-51683 (PJW) BK DE, (Findings of Fact and Conclusions of Law dated 6/2/2009).

35. Part 1 of the Statement titled "Statement of Principal and Interest Due as of the Petition Date" shows principal due of $559,598.95, this is incorrect as Debtor does not owe Nationstar anything and the note attached to the claim is a counterfeit and forgery. Section 2 titled "Interest due" lists payments due totaling $142,814.32 and $191.64, both of which are false, as Debtor does not owe Nationstar any amount whatsoever and the note attached to Claim 5 is a counterfeit and forgery. See Ensminger Decl. ¶¶ 4,7-8, 11, 15-16, 21, 38, 44 and 59.

36. Part 2 of the Statement titled Statement of Prepetition Fees, Expenses, and Charges shows Title costs: $845.00 and Recording fees: $21.00. Debtor has not incurred these chargesand are not supported by evidence. Escrow amount due: $48,444.42 is not due.

37. Claim 5 page 4 #1 titled Installment payments due shows the Date last payment receive by creditor as 11/01/2009 and Number of installment payments due as 49. These are false or misleading statements as Nationstar is not the creditor and Debtor owes no amount of money to Nationstar. Claim 5 page 4 #2 Amount of installment payments due states 49 installments @ $2,914.58 totaling $142,814.42. These amounts are all incorrect as Debtor owes no money to Nationstar, Nationstar is not a creditor and the note attached to the Claim is a counterfeit and forgery. No chain of custody of the note or Deed of Trust is attached to Claim 5.

38. Claim 5 page 4 #3 Calculation of cure amount shows $49,310.42 but this amount is wrong (as discussed above). Total amount necessary to cure default as of the petition date is $192,124.84 and this statement in Claim 5 is false as stated above.

39. The escrow statement attached to the claim is incorrect as these amounts have been paid by one or more non-creditor codebtors who failed to file a Proof of Claim pursuant to Rule § 3004.

## RELIEF REQUESTED

40. Debtor requests sanctions pursuant to (A) F.R.B.P. Rule § 3001(c)(2); and (B) 11 U.S.C.A. § 105[11]. Specifically the Debtor requests (i) the Court "preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary

---

[11] 11 U.S.C.A. § 105 provides the Court with authority over the requested sanctions: The "inherent authority" of courts to "fashion an appropriate sanction for conduct which abuses judicial process"

proceeding in the case"; (ii) the Court "award other appropriate relief, specifically reasonable expenses and attorney's fees caused by the failure"; (iii) the Court make a determination that the failure to comply with F.R.B.P. Rule § 3001 was not substantially justified and was not harmless; (iv) the Court make a determination that Claim 5 was not executed and filed in accordance with F.R.B.P. Rule § 3001 and does not constitute prima facie evidence of the validity and amount of the claim pursuant to F.R.B.P. § 3001(f); (v) that "other appropriate relief" additionally include a determination that Respondent has not stated a claim upon which relief can be granted and additionally and alternatively for a more definite statement[12]; and (vi) such other appropriate relief as the Court deems just and proper.

41. Debtor incorporates by reference the Motion to Disallow Claim 5 herein, including the evidentiary objections to Proof of Claim 5 and the declaration of Larry E. Johnson.

## CONCLUSION

42. The Motion for Sanctions is based on this Motion, the Notice of Hearing for this Motion, the Memorandum of Points & Authorities, the Request for Judicial Notice in support of Debtors Opposition, the Declaration of Debtor, filed and served herewith, Debtors Evidentiary Objections, Debtors Motion to Disallow Claim 5, on the schedules and pleadings on file herein and on such matters as may be presented at or before the hearing.

**WHEREFORE**, Debtor prays that this Court:

Grant this motion;
- That the Court "preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case";
- That the Court make a determination that the previously described failure was not substantially justified nor that the failure was harmless;
- That the Court award other appropriate relief, including:
    o Reasonable expenses caused by the failure;
    o Removal of any prima facie evidence of the validity as to each part of Claim 5 and the entire claim;
    o Removal of any prima facie evidence of all of the individual amounts of Claim 5 and for the full amount of Claim 5;
    o That Respondent has not stated a claim upon which relief can be granted;

---

[12] Claim 5 is so ambiguous and uncertain that in order for Debtor to bring an objection to this claim, Debtor would have to interpret the relief and facts Respondent is seeking through Claim 5, then state these interpretations as facts, and finally respond to Debtors own interpretations of Respondents incomplete, ambiguous and/or unstated claims.

- o   That Respondent is ordered to make a more definite statement; and
- For such other relief as the Court deems just and proper.

Dated: June 24, 2014                              RESPECTFULLY SUBMITTED,

*[signature]*

Richard Ensminger, Debtor-in-possession