

Richard A. Ensminger
5401 Valhalla Drive
Carmichael, CA 95608
Phone: (916) 718-4467
E-mail: rickbk2013@gmail.com

Debtor-in-possession Richard A. Ensminger

FILED

JUN 24 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## IN THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re: RICHARD A. ENSMINGER,<br><br>Debtor in Possession<br><br>―――――――――――――――<br><br>**RICHARD A. ENSMINGER,**<br><br>**Movant,**<br>v.<br><br>**NATIONSTAR MORTGAGE, LLC,**<br><br>**Respondent.** | ) Case No. 13-35297<br>) DC No. RAE-4<br>) Chp. 11<br>)<br>) Date: August 6, 2014<br>) Time: 10:00 a.m.<br>) Place: U.S. Bankruptcy Court<br>) Robert T. Matsui United States Courthouse<br>) 501 I Street, Sacramento, CA 95814<br>) Courtroom 35, Department C<br>) Judge: Hon. Christopher M. Klein<br>)<br>)<br>)<br>) |

**DEBTORS MOTION FOR DISALLOWANCE OF CLAIM 5 PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE § 3007;**

Now comes the above-captioned Movant, debtor and debtor in possession (collectively, the "Debtor" or "Movant") and files this motion (the "**Motion**") for Disallowance of Claim 5 pursuant to F.R.B.P. Rule § 3007 against Nationstar Mortgage, LLC ("Nationstar"), and in support of the Motion states:

///

///

-1-

## JURISDICTION AND VENUE

1. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 151, 157, and the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") and Bankruptcy Rules §§ 3007 of the Federal Rules of Bankruptcy Procedure. Venue is proper pursuant to 28 U.S.C. § 1409. This motion is a core proceeding as defined at 28 U.S.C. § 157(b)(2)(b) and (b)(2)(K).

## BACKGROUND AND FACTS

2. Debtor is unable to ascertain the nature of Claim 5 specifically because Claim 5 is uncertain on its face, has been rendered uncertain by statements and filings of Respondent and other 3rd parties, and is incomplete and ambiguous. Specifically Claim 5 was presented in a form that does not comply with applicable rules, and the Debtor is unable to determine the validity of the claim because of this non-compliance. See Debtors Motion for Sanctions Pursuant to Rule § 3001 and 11 USC § 105. Debtor brings this Motion pursuant to Rule § 3007 and requests that the Court make a determination that Claim 5 fails to state a claim upon which relief can be granted[1], and additionally and alternatively Debtor requests a more definite statement.

3. Debtor seeks clarification as one or more parties are seeking affirmative relief through Proof of Claim No. 5 ("Claim 5"), not only by filing Claim 5 but by advocating Claim 5. While the form of Claim 5 on the coversheet states (i) "Creditor (the person or other entity to whom the debtor owes money or property): Nationstar Mortgage, LLC" and in section 8 title Signature the checkbox is checked for "I am the creditor" and the title for Larry E. Johnson is "Rep. for Nationstar Mort., LLC", the substance of the transaction is that (i) underlying documents attached to the claim reference other parties, such as WMC Mortgage Corp. ("WMC") and WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE HOLDERS OFTHE MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-WMC1 ("2006-WMC1" or "REMIC") and (ii) in response to Debtors Motion to Value Nationstar Mortgage, LLC failed to respond while the

---

[1] Rule 3001(f)

-2-

REMIC claimed to be the secured creditor and also claimed to have timely filed Claim No. 5. See: (i) the REMICs Trial Brief filed 4/17/2014, Docket #88. See F.R.B.P. § 3003(c)(4); (ii) *Cisco v. Van Lew*, 60 Cal. App. 2d 575 [141 P.2d 433] (citing Ca. Civ. Code § 1558 and discussing that certainty is required in real property transactions); and (iii) requirements for standing, see *In RE Jackson*, 241 B.R. 24 (Bankr. E.D. Cal. 2011)(Holman, J.) and Joinder or misjoinder requirements (see Federal Rule §§ 7018, 7019, 7020 and 7021).

4. The Note attached to Claim 5 ("Subject Note") refers to a transaction that never took place and the note and the presumption of validity of the note are rebutted.

5. Debtor denies that Nationstar paid any money to acquire the Note or any underlying obligation for which the note could be construed as evidence.

6. Claim 5 does not provide any evidence for a claim held by respondent. This includes where the claim arose from originally and how the respondent allegedly acquired the claim.

7. Claim 5 does not provide evidence that any listed amount is due and owing or that respondent paid money out to any entity, nor does the claim describe how or why the Debtor is required to repay amounts listed in Claim 5, including invoices, cancelled checks, wire transfers or other evidence of payment.

8. Nationstar is not: (i) a Note Holder as defined by the Subject Note; (ii) a holder of the Subject Note; (iii) a Non-holder in possession of the Subject Note; or (iv) a Non-holder not in possession of the Subject Note.

9. Nationstar has not provided any writing attached to Claim 5 evidencing its status as a creditor, servicer, agent, nominee, attorney in fact, Note Holder, holder, Non-holder in possession, or a non-holder not in possession. Further, Nationstar has not provided any writing evidencing a lost note, or why any of the information not included with its claim is not included.

## EVIDENTIARY OBJECTIONS

10. Debtor has brought a separate evidentiary objection to Claim 5 and the declaration of Larry E. Johnson ("Johnson"). Among other things, the Debtors evidentiary objections to

Claim 5 and the Johnson declaration are based on lack of authentication, lack of foundation, hearsay, lack of personal knowledge, competence, confusion, speculation, and best evidence.

11. Debtor incorporates by reference the evidentiary objection of Claim 5 and the Johnson declaration as though fully stated herein.

### MOTION IN LIMINE TO EXCLUDE EVIDENCE

12. Debtor has brought a separate motion for sanctions pursuant to F.R.B.P. Rule § 3001 and 11 U.S.C.A. § 105 ("Motion in Limine") and incorporates it by reference as though fully stated herein.

### RELIEF REQUESTED

13. Debtor requests that Claim 5 be disallowed in its entirety pursuant to Rule 3007. Additionally and alternatively, should Claim 5 be allowed, that the Court will set the amount due and owing based on PROOF, taking into account all credits due Debtor.

### CONCLUSION

14. The Motion to Disallow Claim 5 is based on this Motion, the Notice of Hearing for this Motion, the Memorandum of Points & Authorities, the Declaration of the Debtor filed and served herewith, on the schedules and pleadings on file herein and on such matters as may be presented at or before the hearing and is to be considered in conjunction with Debtors separate Evidentiary Objections to Claim 5 and the Johnson Declaration, and the separate Motion in Limine against Respondent.

**WHEREFORE**, Debtor prays that this Court:

Grant this motion;
- Disallow Claim 5 in full;
- Additionally and alternatively Set the amount due and owing on Claim 5 based on sufficient proof;
- Additionally and alternatively determine if respondent holds a secured claim based on proof;
- That the Court award other appropriate relief, including:
  - Reasonable expenses caused by improperly filing or advocating Claim 5;
  - That the Court sua sponte issue an order to show cause on why F.R.B.P. Rule 9011(c)(1)(B) sanctions should not be issued against respondent, Nationstar, Larry E. Johnson, and Weinstein, Pinson, &Riley, PS; and

- For such other relief as the Court deems just and proper.

Dated: June 24, 2014                    RESPECTFULLY SUBMITTED,

*[signature]*

Richard A. Ensminger, Debtor-in-possession