

1 | Richard Alan Ensminger
2 | 5401 Valhalla Drive
   | Carmichael, CA 95608
3 | Phone: (916) 718-4467
   | E-mail: rickbk2013@gmail.com
4 |
5 | Debtor-in-possession Richard Alan Ensminger

FILED

JUN 2 4 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| In re RICHARD ALAN ENSMINGER, | ) Case No. 13-35297 |
|---|---|
| Debtor-in-possession. | ) DC No. RAE-4 |
| | ) |
| | ) Chp. 11 |
| | ) |
| RICHARD ALAN ENSMINGER, | ) Date: August 6, 2014 |
| Movant, | ) Time: 10:00 a.m. |
| | ) |
| v. | ) Place: U.S. Bankruptcy Court |
| | ) Robert T. Matsui United States Courthouse |
| | ) 501 I Street, Sacramento, CA 95814 |
| NATIONSTAR MORTGAGE, LLC, | ) Courtroom 35, Department C |
| Respondents. | ) Judge: Hon. Christopher M. Klein |
| | ) |

## EVIDENTIARY OBJECTIONS TO PROOF OF CLAIM 5 AND

## THE DECLARATION OF LARRY E. JOHNSON

Richard Alan Ensminger ("Debtor" or "Movant") brings the following evidentiary objections to Proof of Claim 5 ("Claim 5" or "POC 5") and the Declaration of Larry E. Johnson ("Johnson") as a Representative of Nationstar Mortgage, LLC ("Respondent" or "Nationstar") included in Claim 5 based on the following:

1.  Lack of authentication, lack of foundation, Hearsay, lack of personal knowledge, competence, confusion, speculation, best evidence. Fed. R. Evid. 403, 601, 602, 801, 901.

2.    The purpose of a declaration is to provide "competent evidence supporting the" relief requested. *In re Vargas*, 396 B.R. 511, 517 (Bankr. C.D. Cal. 2008). Competent evidence is required "so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Fed. R. Evid. 102.

3.    *Lundell v. Anchor Const. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000) (quoting *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)); A court is not required to accept as true all evidence submitted by the objector. *Lundell*, 223 F.3d at 1040, fn. 2.

4.    Johnson offers absolutely no evidence into the record except self-serving hearsay. As will be discussed, no agency agreement in writing or otherwise is offered or described in detail.  Nor is any exhibit or evidence provided to support Johnson's hearsay statement that Nationstar Mortgage, LLC is the creditor. *Ricketts v. City of Hartford*, 74 F. 3d 1397, 1409-1410 (2d Cir. 1996) (evidence has no probative value if it is not what the proponent claims it to be). Authentication requirements preclude the admission of documents into evidence that might be false or otherwise unreliable. *United States v. Perlmuter*, 693 F. 2d 1290, 1292-1293 (9th Cir. 1982). The party offering the documentary evidence carries the burden of presenting sufficient evidence of authenticity. See *United States v. Pang*, 362 F. 3d 1187, 1192-1193 (9th Cir. 2004); see also *VFS Financing, Inc. v. CHF Express, LLC*, 620 F. Supp. 2d 1092, 1097 (C.D. Cal. 2009) ("Regarding authentication, evidence should be presented to prove the genuineness of the signatures or a declaration from the custodian of records laying a foundation for the document's admission into evidence"). The Johnson statements referencing documents and information that have not been exhibited lacks authentication and should not be admitted into evidence.

5.    Nationstar Mortgage, LLC has not established an exception under Fed. R. Evid. 1004, nor has Wells Fargo, NA, as Trustee for the Holders of the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates Series 2006-WMC1 ("Respondent",

"Wells" or "2006-WMC1") who claims to have timely filed Claim 5 (see Wells Trial Brief, Docket #88, Page 2, lines 16 and 17 in the above captioned bankruptcy case).

6.    The defects in the Movant's evidence are apparent.  The Declaration of Larry E. Johnson (hereinafter, **"Johnson Decl."**) included in Claim 5, is testimony supporting that Nationstar Mortgage, LLC is the creditor, yet the documents attached to the Claim 5 name other creditors, including WMC Mortgage Corp. ("WMC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Wells Fargo Bank, N.A., as Trustee for the Holders of the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-WMC1.  Contradicting Johnson's declaration is the statement from Wells that it is the secured creditor and that Wells timely filed Claim 5. WMC is the named beneficiary under the Deed of Trust attached to Claim 5 while MERS is named as both the beneficiary and the beneficiary's nominee.

7.    The Johnson Decl. offers no information or evidence to support that Nationstar has the right to any payments nor that it has an enforceable lien on the subject property associated with the "secured claim".

8.    The Johnson Decl. is layers upon layers of inadmissible hearsay of which Respondents have provided no business records exception for, which Respondents carry the burden.  Johnson refers to this alleged information, but provides no personal knowledge, such as how he knew, when he knew, what he saw or touched, or whether he was told this information from somebody else who knew it.  Nor is evidence provided that Nationstar is a partner, servicer, creditor, principal, agent, attorney in fact, assignee, assignor, indorser, transferor, transferee, or in any other type of relationship or "joinder" with Wells or anyone else.

9.    The Declaration of Larry E. Johnson ("Johnson Decl.") is clearly deficient as it fails to state when or how he gained knowledge of the particulars of the information and documents attached to the Claim 5 and, while Johnson checked the box "I am the creditor", his title is "Rep. for Nationstar Mort., LLC and his company is "Weinstein, Pinson, &Riley, PS" which is clearly not Nationstar, nor a creditor. Additionally no agency agreement or power of

attorney is attached to Claim 5.  Johnson appears to be a non-employee or non-officer of Nationstar and has not provided a declaration that established how and under what circumstances he has personal knowledge of any of the information or documents attached to Claim 5 nor has Johnson provided any basis for an exception to the hearsay rule. Johnson has provided no indication that in his capacity he reviews the particulars of each and every mortgage loan for NATIONSTAR nor that this information, including these records are business records of Nationstar.  Johnson fails to state whether he monitors the file from its inception to present day or how there can be multiple competing claims in regards to the claim.  Johnson makes no statement at all in regards to Wells, although some of the documents attached to Claim 5 name Wells as a creditor, beneficiary or assignee.

10.     The Johnson Decl. fails to state in his capacity as "Rep. for Nationstar Mort., LLC" the extent of his "hands on" and "factual" familiarity of the particulars of the day to day review and maintenance of mortgage files for either Nationstar or Wells (both are claiming to be the secured creditor and both claim to have filed Claim 5).  The Johnson Decl. fails to state how he knows the documents, if he was present at any transfer of papers, what he heard, what he saw or what he was told.

11.     The Johnson Decl. fails to state that Johnson has personal knowledge on his own or how he acquired this knowledge.   The Johnson Decl. failed to disclose that he was there, heard, saw or whether he was told and he believes and therefore his personal knowledge means he knows the people who told him of the facts. The Johnson Decl. lacks foundation because he is not a competent witness to establish the authenticity of any of the documents nor the truth of the matters asserted therein.

12.     The Johnson Decl. fails to state how in his capacity as Rep. of Nationstar Mort., LLC, which handles tens of thousands of loan documents, Johnson's position as Rep. of Nationstar Mort., LLC involved the review of loan documents, in a manner or period of time sufficient to allow the Johnson Decl. to have any relevance to Claim 5.

EVIDENTIARY OBJECTIONS TO PROOF OF CLAIM 5 AND THE DECLARATION OF LARRY E. JOHNSON

13.     In light of these deficiencies alleged here and the specifics and particulars in this case the entire Johnson Decl. and Claim 5 do not meet the requirements of Rule 3001(f). The Johnson Decl. does not support Claim 5, as Johnson clearly lacks sufficient knowledge to be deemed a person most knowledgeable or even remotely provides sufficient statements to support Claim 5.

14.     Johnson is a "Rep. of Nationstar Mort., LLC", which means that he had nothing to do with any of the facts related to Claim 5 and only became aware of the existence of the documents and information in Claim 5 when he was called to execute Claim 5, including the generic declaration included in the Proof of Claim coversheet. In fact he identifies himself as a "Rep. of Nationstar Mort., LLC", a company whose function was to be legal counsel to Nationstar (the Johnson Decl. fails to provide evidence that he ensured NATIONSTAR was entitled to act as creditor). Johnson fails to show any evidence of the unfounded statement that Nationstar is a creditor or that Nationstar is entitled to payment.   Johnson has provided no agency agreement in writing, nor any other document establishing his and his company's relationship with Nationstar.

15.     The Johnson Decl. fails to address that Nationstar's position directly contradicts the assertions from Wells that it is the secured creditor.

16.     Since Johnson makes a showing that he works for a law firm and not for Nationstar, he is admitting that the law firm only has knowledge on their own as to matters that occurred AFTER they received files or instructions and we ought to know which it was --- the files or the instructions.   Nationstar has produced no direct evidence of anything.   Again, the Johnson Decl. is fatally flawed and defective.

17.     Since Johnson identifies his company as a law firm, without any foundation whatsoever, he is admitting that the sole purpose of his company was to prepare Claim 5 without any type of verification of Nationstar's actual relationship with Debtor and the estate.

18.    The Johnson Decl. claims Nationstar is the creditor, but fails to attach any proof of any financial transaction whereby Debtor became indebted to Nationstar or that Debtor owes Nationstar any amount whatsoever.

19.    Nationstar cannot be acting as an agent as they have identified themselves as the creditor, neither can Wells be acting as an agent as they have also identified themselves as the creditor. The note itself attached to Claim 5 defines NOTE HOLDER as: The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder." Nowhere does Claim 5 show that Nationstar or Wells are entitled to receive payments from Debtor. Nowhere does Claim 5 show an unbroken chain of transfers from WMC to Nationstar, Wells or any other party.

20.    The note attached to Claim 5 is not the obligation, but evidence of an obligation. The underlying transaction is the debt, or the transfer of money from one party to another. The Deed of Trust is incidental to the note. If there is no obligation and the note is invalid or paid in full, there is no valid Deed of Trust (or the Deed of Trust is discharged). Claim 5 and the attached documents are being used to establish the truth of the claim and are hearsay, of which Nationstar nor Wells has established any exception for. Additionally Nationstar, Wells and Johnson lack foundation to establish the existence of the underlying transaction of Claim 5 and have not used the *best evidence* to establish any underlying transaction. Under the rules of evidence, the note, deed of trust and assignment are secondary documents that imply that a transaction took place but do not show facts to verify that the transaction actually occurred. The *best evidence* of the underlying transaction is the canceled check or wire transfer receipt showing the payment and implied acceptance of the money used to fund the loan or purchase the deed of trust. These documents are necessary as it appears that Johnson, Nationstar and even Wells are attempting to prove the contents of the documents attached to Claim 5 as the basis for their claimed right to payment.

21.    Johnson states "that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief." This phrase is the only attempt at

establishing personal knowledge or possibly an exception to the hearsay rule. The fact is that somehow he saw documents without establishing how they came into his possession while who the parties are (why are *they* not testifying?) and what knowledge *they* had, was not disclosed. Nor do we know who prepared the documents in the file, what security was used for the posting of data to the files, what security was employed in maintaining the security of the files and finally we have no chain of custody for any of the files. This is layers upon layers of hearsay without any valid exemption. The Johnson Decl. is fatally flawed and defective.

22.     The documents attached to Claim 5 appear to be generated by computer, and a person familiar with the computer system who can testify that the output is an accurate reflection of the input must lay a foundation. *In re Vinhnee*, 336 B.R. 437, 2005 Bankr. LEXIS2602, 2005 WL 3609376 (9th Cir. BAP, Dec. 16, 2005). Among pertinent subjects of inquiry are "system control procedures, including control of access to the pertinent databases, control of access to the pertinent programs, recording and logging of changes to the data, backup practices, and audit procedures utilized to assure the continuing integrity of the records." (Id., *25-26) In the *Vihnee* case, "The trial court concluded that the declaration in the post-trial submission was doubly defective. First, the declaration did not establish that the declarant was 'qualified' to provide the requisite testimony. Second, the declaration did not contain information sufficient to warrant a conclusion that the 'American Express computers are sufficiently accurate in the retention and retrieval of the information contained in the documents.'" (*22-23). In this case Johnson has not established any of the requirements in *Vihnee* and is unable to because he is not an employee of Nationstar, Wells or any other creditor.

23.     Johnson states in the declaration that his title is "Rep. of Nationstar Mort., LLC" and that he does not work for Nationstar or Wells. This is an outright admission. He is saying that he has been in the business a long time so looking at the records of the Debtor in this case is like looking at the records of thousands of others where he made the same decision (but we must emphasize that he undoubtedly did not and specifically does not say that he reviewed other documents). It is an admission that he has NO PERSONAL KNOWLEDGE of the documents,

1  that therefore the declaration is worthless, and that therefore the declaration is not the required

2  foundation for admission of the documents because he, the declarant, is not a competent witness.

3  While Johnson states an OATH, he does not have PERSONAL perception sight, hearing etc.,

4  MEMORY and the ABILITY to COMMUNICATE. In fact, Johnson has disqualified his entire

5  firm as a foundation witness since by their own definition (a law firm) they received the

6  documents after the bankruptcy was filed and after a decision was made by parties outside the

7  chain of title to file a claim in Debtors bankruptcy as a creditor.

8      24.    Johnson has not stated that "he has personal knowledge of the accuracy of the

9  records" as he already essentially admitted that he doesn't and that he (a) received the documents

10  after the bankruptcy was filed and (b) relied upon his experience when he reviewed the

11  documents, and additionally fails to state who prepared the data or documents, how they were

12  kept, when they were kept, where they were kept and who was involved.

13      25.    At no time does Johnson say that his company is not the creditor but he infers it

14  when he checked the box "I am the creditor" but then listed his title as "Rep. of Nationstar Mort.,

15  LLC" and his company as Weinstein, Pinson, &Riley, PS". By definition neither he nor his

16  company would be competent to testify to facts or documents or data that occurred PRIOR to the

17  time the petition was filed.

18      26.    Based on the defects in the claimant's evidence, both Respondents have failed to

19  demonstrate that they have standing to file Claim 5 and the declaration attached to Claim 5. As

20  this court recently stated in its decision in In re Jackson, ___ B.R. ___, 2011 WL 2247816

21  (Bankr. E.D. Cal. June 6, 2011)(Holman, J.) in order to determine a party's standing in the

22  bankruptcy context, two inquiries are required. First, the court must determine whether the party

23  has constitutional standing, i.e. whether the party has suffered sufficient injury to satisfy the

24  "case or controversy" requirement of Article III. If the movant does not satisfy the first inquiry,

25  the court lacks subject matter jurisdiction to hear the matter. Id. at 2. Second, the court must

26  determine whether the party has prudential standing, i.e. whether the party is properly able to

27  assert a particular claim.

28

EVIDENTIARY OBJECTIONS TO PROOF OF CLAIM 5 AND THE DECLARATION OF LARRY E. JOHNSON

27.    The Respondents in this case have not satisfied the first or the second inquiry. First, the court should find that the Respondents have not presented sufficient evidence to establish that they have constitutional standing because Respondents have not shown by admissible evidence that either Respondent is the owner or has legal title of the Note (or the underlying debt) – nor that Nationstar or Wells is a principal or agent <u>duly authorized in writing</u> for the owner of the note or that Nationstar and Wells have joined properly in filing Claim 5 and in their "dual" position as creditor. Second, the Respondents have not shown by admissible evidence that they have prudential standing as the "person entitled to enforce" the Note, or as their agent, <u>duly authorized in writing</u>, in any of the ways described in *In Re Jackson*.

28.    Debtor has put at issue the underlying transfer of money (debt) allegedly evidenced by the note, deed of trust and assignment attached to Claim 5.

29.    Further, pursuant to California Government Code 27201 *et seq.*, none of the recorded documents attached to Claim 5 has been determined to be legally sufficient by a Court of competent jurisdiction. Respondents failed to include in Claim 5 any factual evidence proving support for any of the preliminary recitals contained within these documents. See: *Tomczak v. Ortega* 50 Cal. Rptr. 20, 240 Cal. App. 2d 902, "no substantial evidence to support such recital" was found and the notice of default and subsequent trustee's deed upon sale were determined as void and of no legal effect for lack of evidence." See: *Wolfe v. Lipsy* (App. 2 Dist. 1985) 209 Cal.Rptr. 801, 163 Cal.App.3d 633. *Quieting Title* 34(5); *Angell v. Superior Court (Verdugo Trustee Service Corp.)* (1999) 73 Cal. App. 4th 691 [86 Cal Rptr. 2d 657]; *City of Los Angeles v. Morgan*, 105 Cal. App. 2d 726 (1951) the court stated: "the purpose of the recording statutes is to provide notice…whether valid or invalid…if invalid instruments are recorded, no notice is given." Debtor is entitled to valid notice under statute and was denied such valid notice by Respondents.

30.    As is clear in the Johnson Decl., Johnson knows nothing, saw nothing, heard nothing and was never in any contract with borrower or anyone else as a servicer or creditor, never handled any money, and posting, or anything else.

31.    California Civil Code § 1550 states: "It is essential to the existence of a contract that there should be: 1) Parties capable of contracting; 2) Their consent; 3) A lawful object; and, 4) A sufficient cause or consideration." Wells (being a trustee of an unknown trust) has not established that a trust exists, was constituted, and is capable of contracting. Neither Nationstar nor Wells has shown any consent. No lawful object has been identified. And finally as has been discussed previously, there is no evidence of a sufficient cause or consideration between any of the parties.

32.    California Civil Code § 1558 states: "It is essential to the validity of a contract, not only that the parties should exist, but that it should be possible to identify them." It has never been established that Wells is a trustee or that the trust Wells is allegedly a trustee of exists. Nor is it possible to identify the trust as no trust instrument establishing the trust and appointing Wells as trustee has been attached to Claim 5. Wells is claiming to be a trustee and take actions based on an alleged trust instrument. The proof that Wells is a trustee could only come from the trust instrument. Further, the actions that Wells or any other party can take, including the ability of Wells to institute any action or proceeding at law or equity (including filing Claim 5) exists in such a writing and will show the conditions precedent to instituting an action or proceeding at law or in equity (i.e. filing Claim 5). The *Best Evidence Rule* applies to the writings establishing an alleged trust and allegedly appointing Wells as Trustee.

33.    Debtors Motion for Sanctions pursuant to F.R.B.P. Rule § 3001 and 11 U.S.C.A. § § 105 ("Motion in Limine") are incorporated by reference into Debtors Motion to Disallow Claim 5.

34.    Debtors Motion for Disallowance of Claim 5 ("Objection to Claim") is incorporated by reference into Debtors Motion for Sanctions pursuant to F.R.B.P. Rule § 3001 and 11 U.S.C.A. § 105.

Accordingly, the declaration and information attached to Claim 5 should be not be considered as evidence pursuant to, inter alia, Rule 3001(f) and the rules of evidence. Additionally, pursuant to Rule 3001, any information and evidence not attached to Claim 5 that

1  should have been attached to Claim 5 should be barred from use in any contested matter or

2  adversary proceeding in Debtors bankruptcy.

3  Dated:  June 24, 2014                               Respectfully submitted,

4

5                                                      Richard Ensminger,

6                                                      Movant and Debtor-in-possession

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVIDENTIARY OBJECTIONS TO PROOF OF CLAIM 5 AND THE DECLARATION OF LARRY E. JOHNSON